**Mara ARENAS and Jan Arenas, Plaintiffs,**

v.

**LADISH COMPANY and Clifford Jarvis, Defendants.**

**No. 81–C–1187.**

United States District Court, E.D. Wisconsin.

Oct. 10, 1985.

---

Nola Hitchcock Cross, Podell, Ugent & Cross, Milwaukee, Wis., for plaintiffs.

Fred G. Groiss, Quarles & Brady, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

WARREN, District Judge.

On September 4, 1981, plaintiffs Mara and Jan Arenas brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.*, alleging sexual discrimination and harassment. Furthermore, plaintiffs seek redress for injuries inflicted pursuant to defendants' allegedly defamatory statements and conduct. Plaintiffs' causes of action arise out of Mara Arenas' employment at defendant Ladish Company ("Ladish") and, specifically, pursuant to her work relationship with her supervisor, defendant Clifford Jarvis ("Jarvis"). Presently before the Court are defendants' motions (1) to dismiss Jan Arenas for lack of subject matter jurisdiction; (2) to dismiss Mara Arenas' Title VII claim against Jarvis for lack of subject matter jurisdiction; (3) to dismiss Mara Arenas' state law defamation claim against Jarvis; (4) to dismiss or grant summary judgment in favor of Ladish on Mara Arenas' state law defamation claim; and (5) to dismiss the claims for punitive damages.

## BACKGROUND

Mara Arenas has been employed by Ladish since approximately October, 1978. From October, 1979 to March, 1980, Jarvis was Mara Arenas' supervisor on the third shift in the Steel Stores Department at Ladish. Mara Arenas' causes of action arise out of actions transpiring during this time. Mara Arenas alleges that Jarvis initiated physical contact with her and made comments to her which contained sexual content. Pursuant to these physical contacts and sexual comments, Mara Arenas claims that she suffered physical and mental injuries. Accordingly, Mara Arenas seeks recovery for these injuries pursuant to a Title VII sexual discrimination claim and a state law defamation claim. Jan Arenas, Mara's husband, seeks recovery pursuant to the state law defamation claim for lack of companionship and sexual relations with his wife and for medical and hospitalization expenses incurred. Mara Arenas seeks $50,000.00 in actual damages and $50,000.00 in punitive damages. Jan Arenas seeks $10,000.00 in actual damages and $5,000.00 in punitive damages. The plaintiffs have completed the appropriate administrative requirements prior to this lawsuit's initiation.

## DISCUSSION

### I. Motion To Dismiss Jan Arenas.

Defendants move to dismiss Jan Arenas on the ground that this Court lacks subject matter jurisdiction over his claims. Jan Arenas seeks recovery from the defendants for loss of consortium and companionship and for medical and hospitalization expenses. These claims stem from injuries suffered by his wife allegedly pursuant to defendants' defamation. Mr. Arenas asserts that he is a proper party to this case based on the doctrine of pendent jurisdiction. Defendants contend that the present case's circumstances should dissuade the Court from exercising pendent jurisdiction over Mr. Arenas' claims.

"Pendent jurisdiction usually refers to the case where a plaintiff having a claim based on federal law joins with it a closely related state law claim against the same defendant but without an independent fed-

eral jurisdictional basis." *Hixon v. Sherwin-Williams Company,* 671 F.2d 1005, 1007 (7th Cir.1982). This is termed "pendent *claim* jurisdiction." However, in the present case, Mr. Arenas seeks joinder of his state law claim with his wife's related claims against the same defendants. Consequently, Mr. Arenas requests this Court to exercise "pendent *party* jurisdiction."

The doctrine of pendent party jurisdiction has been viewed with increasing disfavor by the Seventh Circuit Court of Appeals. *Bernstein v. Lind-Waldock & Company,* 738 F.2d 179, 187 (7th Cir.1984); *Thomas v. Shelton,* 740 F.2d 478, 487 (7th Cir.1984). In *Bernstein,* the court stated:

> The recent cases permit the following generalization: if the pendent party concept retains any vitality today when there is a greater concern with avoiding unnecessary federal inroads into state jurisdiction than when the concept first emerged, it survives as a convenience to a party who has a substantive federal claim rather than as a service to the cause of judicial economy. It makes it cheaper for such a party to proceed in federal court by allowing him to bring in related claims against different parties.

738 F.2d at 187 (citations omitted). Further, "in general, pendent party jurisdiction, to the extent recognized at all, allows only defendants to be added." *Thomas v. Shelton, supra* at 487.

In the present case, Mr. Arenas seeks to be allowed to pursue his claims as a plaintiff pursuant to the Court's exercise of pendent party jurisdiction. As stated above, considering the general disfavor towards exercising pendent party jurisdiction and its use being primarily limited to adding defendants, Mr. Arenas' status as a plaintiff in this case will be shortlived. Moreover, Mr. Arenas' claims derive from his wife's state law claims of slander and defamation rather than her claims based on federal question jurisdiction. This too militates against exercising pendent party jurisdiction. That is, because Jan Arenas' cause of action derives from his wife's state law claim, rather than her Title VII

claim, there is no compelling reason for this Court to exercise pendent party jurisdiction. *Cf. Hixon, supra* at 1008. Accordingly, the Court GRANTS defendants' motion to dismiss Jan Arenas as a plaintiff in this case.

## II. Motion To Dismiss The Title VII Claim Against Jarvis.

Defendants move to dismiss plaintiff Mara Arenas' Title VII claim against Jarvis. This motion is based on Mara Arenas naming only Ladish, and not Jarvis, as a respondent in her EEOC Charge of Discrimination. A prerequisite to initiating a Title VII action is that the plaintiff file a charge of discrimination with the EEOC. 42 U.S.C. §§ 2000e–5(f)(1). If other conditions are met, the plaintiff may then bring a civil action in federal court "against the respondent named in the charge...." *Id.* Defendants' position is that since Jarvis was not named as a respondent in the charge, no civil action can be commenced against him.

On February 22, 1980, Mara Arenas filed a charge of discrimination with the EEOC. On the "Charge of Discrimination" form completed by Mara Arenas, there was a line designated "RESPONDENT" wherein the complainant was to identify "[t]he employer, labor organization, employment agency, landlord, manager, or other person, agency or business, who discriminated against you." Mara Arenas only listed Ladish as a respondent. However, in a later portion of the charging form, Mara Arenas described the alleged discrimination by detailing various incidents in which Jarvis was the perpetrator of the discrimination. Mara Arenas was not represented by an attorney when she filed the charge.

Mara Arenas contends that Jarvis should not be dismissed from this action. Her position is that since Jarvis was repeatedly identified in the body of the discrimination charge, he had sufficient notice of any future civil action against him. Further, Mara Arenas asserts that the traditional liberal interpretation of Title VII filing requirements preclude Jarvis' dismissal.

■ Ordinarily a party not named in an EEOC charge may not be sued under Title VII. *Eggleston v. Chicago Journeymen Plumbers, etc.*, 657 F.2d 890, 905 (7th Cir. 1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982). The reason for this requirement is that "the charge serves to notify the charged party of the alleged violation and also brings the party before the EEOC, making possible effectuation of the Act's primary goal of securing voluntary compliance with its mandates." *Id.* However, "where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, the charge is sufficient to confer jurisdiction over that party." *Id.* This exception's purpose is to prevent frustrating Title VII's goals by requiring procedural exactness in stating the charges.

■ First, the Court must determine whether Mara Arenas' charge of discrimination adequately served to notify Jarvis of the alleged Title VII violation. In the filed charge, Mara Arenas described the alleged discrimination. This description named Jarvis as the perpetrator of several incidents of alleged discrimination. Various courts have held that a party not named in the charge, but who is fairly apprised of the charges against him, can be maintained as a defendant in a Title VII civil action. *Eg. Eggleston, supra; Romero v. Union Pacific Railroad*, 615 F.2d 1303, 1311–12 (10th Cir.1980); *Dickey v. Greene*, 603 F.Supp. 102, 106 (E.D.N.C.1984). Here it is clear that Jarvis received actual notice of the charge. Jarvis was repeatedly named in the descriptive portion of the charging document and, further, Jarvis personally testified before the Equal Rights Division in a hearing concerning the charge. Accordingly, the Court finds that the first prong of the *Eggleston* test is met since Jarvis did have notice of the charge.

■ The second prong requires this Court to determine whether Jarvis was given an opportunity to participate in concilia-tion proceedings aimed at obtaining voluntary compliance with Title VII. Subsequent to filing the charge, Mara Arenas left the department where Jarvis worked. It is difficult to see how, under these circumstances, an individual respondent, as opposed to an institutional respondent, could achieve fruitful conciliation with a complainant. Furthermore, because Jarvis did have notice of the charge and since his employer was the named respondent, Ladish's conciliation interests were commensurate with Jarvis'. *See Eggleston, supra,* at 907. The Court finds that even though Jarvis was not formally charged, he received adequate notice and opportunity to engage in conciliation efforts.

Because of these factors and in light of the liberal construction given to Title VII filing requirements, especially where a complainant is not represented by counsel at the time of filing, *see Eggleston, supra,* at 905–06; *Vanguard Justice Society, Inc. v. Hughes*, 471 F.Supp. 670, 688 (D.Md. 1979); *Stevenson v. International Paper Company*, 432 F.Supp. 390, 395 (W.D.La. 1977), the Court DENIES defendants' motion to dismiss Jarvis.

### III. Motion To Dismiss The Defamation Claim.

■ Defendants move to dismiss Mara Arenas' defamation claim on the ground that her complaint fails to state a claim in defamation. The substantive law of the forum state governs defamation claims brought in federal court. *Thompson v. Kiekhaefer*, 71 F.R.D. 115, 116 (E.D.Wis. 1976). Defendants contend that Mara Arenas failed to set forth in her complaint "the particular words complained of" as required by Wis.Stat. § 802.03(6), and to allege that the particular words spoken were false. *Olston v. Hallock*, 55 Wis.2d 687, 700, 201 N.W.2d 35 (1972). Because of this failure, defendants assert that the defamation claim should be dismissed.

■ In paragraph 15 of her complaint, Mara Arenas alleges as follows:

15. Defendant Clifford Jarvis acting independently and as an agent of Ladish Company and Defendant Ladish Company through its agent Clifford Jarvis slandered and defamed the character of Plaintiff Mara Arenas by making a [sic] obscene gestures and comments to Plaintiff Mara Arenas in the presence of others during the course of her employment and stating in the presence of others that Jarvis had a good time in a motel with Mara Arenas and making reference to obtaining her house keys during the period October, 1979 through March, 1980.

The allegations that Jarvis stated he "had a good time in a motel with Mara Arenas" and his reference to obtaining Mara Arenas' house keys sufficiently set forth the substance of the defamatory remarks. Defendants have not advanced any, nor is the Court aware of any, Wisconsin law requiring a plaintiff, in circumstances such as the present, to submit a verbatim recitation of allegedly defaming remarks in a Complaint. The allegations in paragraph 15 of Mara Arenas' Complaint, albeit not enclosed in quotation marks, sufficiently set forth the particular words allegedly defamatory. Moreover, the context of the Complaint's allegations display Mara Arenas' assertion that these remarks by Jarvis were false.

Defendants also seek to dismiss the defamation claim on the ground that by resolving the claim, the Court would be dealing in an unsettled area of Wisconsin law. Defendants assert that there is a strong possibility that when presented with a defamation action brought by an employee against an employer and a co-employee, a Wisconsin court would decide that the plaintiff's sole remedy is pursuant to Wisconsin's worker's compensation laws. Wis. Stat. § 102.03(2) provides that worker's compensation is the "exclusive remedy" against an employer or co-employee for injuries arising out of employment. Since Mara Arenas' injuries allegedly resulted from her being defamed by her supervisor while she was at work, defendants contend that worker's compensation is her sole remedy.

Defendants offer no precedent for this novel theory. Indeed, defendants concede that the Wisconsin Supreme Court has not specifically addressed the issue of a claim against an employer for defamation by a co-employee and its relationship to the worker's compensation statute. Defendants seek to have this Court refuse to resolve the defamation claims because the Wisconsin Supreme Court might someday find such a relationship.

■ The Court does not consider this present issue to be in an area of unsettled state law precluding its resolution in federal court as envisioned by the United States Supreme Court in *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). Rather, since the Wisconsin Supreme Court has never been presented with this issue, it may more reasonably appear that it is settled in Wisconsin that the alleged defamation in the present case is not covered by worker's compensation law. Nevertheless, the law is not in such a state of flux or evolution precluding the Court from resolving this issue. Accordingly, defendants' motion to dismiss Mara Arenas' defamation claim is DENIED. Furthermore, defendants' motion to dismiss Mara Arenas' claim for punitive damages is likewise DENIED since the defamation claim remains intact.

### IV. Motion For Partial Summary Judgment.

Ladish moves for partial summary judgment on Mara Arenas' defamation claims. Ladish asserts that, as a matter of law, it cannot be held liable for defamatory acts by Jarvis. Ladish claims that it is free from liability pursuant to a *respondeat superior* theory since Jarvis' allegedly defamatory remarks were not spoken within the scope of his employment. Mara Arenas argues that *respondeat superior* is inapplicable. However, she contends that Ladish can be held liable pursuant to an agency theory whereby Ladish ratified the actions of its agent—Jarvis. Mara Arenas asserts that as a supervisor, Jarvis spoke for management. Furthermore, she contends

that management's alleged countenancing of Jarvis' remarks constituted ratification which thereby subjects it to liability.

■ In support of their position, defendants cite *Mandel v. Byram*, 191 Wis. 446, 211 N.W. 145 (1926) wherein the Wisconsin Supreme Court stated:

"When there is no original liability for the act of a servant, because at the time of the negligence the servant was acting in his own personal business, the master does not become liable merely by reason of the fact that he thereafter retains the servant in his employ."

191 Wis. at 452, 211 N.W. 145. Based on *Mandel*, the Court finds that Ladish cannot be held vicariously liable for Jarvis' actions prior to receiving notice of these actions merely because Ladish retained Jarvis in its employ.

■ However, this finding does not necessarily preclude holding Ladish vicariously liable for Jarvis' actions occurring *subsequent* to it being informed of Jarvis' alleged defamation of Mara Arenas. Furthermore, Ladish's assertions that it investigated Mara Arenas' complaints and found no improprieties does not conclusively refute Mara Arenas' "ratification" theory of recovery. Rather, factual issues persist regarding the adequacy of this investigation and whether Ladish's failure to take admonitory or corrective action against Jarvis was warranted under the circumstances. Ladish has presented no authority, and the Court is aware of none, indicating that Mara Arenas' "ratification" theory of recovery is forbidden as a matter of law. Accordingly, summary judgment is *DENIED* as to the issue of whether Ladish is liable pursuant to the theory that it ratified Jarvis' defamatory conduct.

## SUMMARY OF FINDINGS

The Court hereby Orders that:

(1) defendants' motion to dismiss Jan Arenas for lack of subject matter jurisdiction is GRANTED;

(2) defendants' motion to dismiss Mara Arenas' Title VII claim against Jarvis for lack of subject matter jurisdiction is DENIED;

(3) defendants' motion to dismiss Mara Arenas' state law defamation claim against Jarvis is DENIED;

(4) defendants' motion to grant summary judgment in favor of Ladish on Mara Arenas' state law defamation claim is DENIED.

In order to ensure that this matter proceeds apace, the Court hereby schedules a pretrial/settlement conference in this matter for *Monday, October 28, 1985, at 1:30 p.m.* in Room 390, Federal Building, 517 East Wisconsin Avenue, Milwaukee, Wisconsin. Counsel who are expected to try this case are required to attend this conference. Further, at this conference, counsel should be able to inform the Court of their clients' positions regarding settlement.