Michelle RABOUIN, Plaintiff,

v.

COLORADO DEPARTMENT OF LAW, Duane Woodard, Charles Howe and Susan L. Warren, Defendants.

Civ. A. No. 90–B–1461.

United States District Court, D. Colorado.

Dec. 20, 1990.

of bringing an unseaworthiness action against the vessel).

172

Mark S. Bove, Mark S. Bove, P.C., Denver, Colo., for plaintiff.

Daniel R. Satriana, Jr., John E. Bolmer, II, Hall & Evans, Denver, Colo., for defendants.

## MEMORANDUM OPINION & ORDER

BABCOCK, District Judge.

Before me is a motion to dismiss plaintiff Michelle Rabouin's (plaintiff) complaint pursuant to Federal Rule of Civil Proce-

dure 12(b)(6) filed by defendants Colorado Department of Law, Duane Woodard (Woodard), Charles Howe (Howe) and Susan L. Warren (Warren) (collectively, defendants). Plaintiff alleges that she was passed over for a promotion, was denied opportunities to enhance her prospect for advancement, and was subject to a racially hostile environment in violation of Title VII, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.

The motion goes beyond the pleadings, so I treat it as one for summary judgment under Federal Rule of Civil Procedure 56. It is adequately briefed and oral argument will not materially assist me in its resolution. Because plaintiff is not within the "personal staff" exception to Title VII, I deny summary judgment on the Title VII claim. Further, plaintiff has failed to show a genuine dispute as to a material fact on the section 1981 claim, and thus, I grant summary judgment in favor of defendants on the section 1981 claim.

This dispute arises from the alleged racially discriminatory treatment of plaintiff by defendants while plaintiff was employed as an attorney with the Colorado state office of the Attorney General. During the time of the alleged discrimination, defendant Duane Woodard was the Attorney General for Colorado, defendant Charles Howe was the Chief Deputy Attorney General and defendant Susan L. Warren was the Deputy Attorney General in the Human Resources Section.

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment is appropriate against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The nonmovant must offer evidence to dis-

pute the facts demonstrated by the evidence of the movant. *R–G Denver, Ltd. v. First City Holdings of Colorado*, 789 F.2d 1469, 1471 (10th Cir.1986). The party bearing the burden of proof cannot rely on conclusory allegations in an affidavit. *Lujan v. National Wildlife Fed'n*, — U.S. —, —, 110 S.Ct. 3177, 3189, 111 L.Ed.2d 695, 716 (1990).

### I. THE TITLE VII CLAIM

Defendants argue that plaintiff is not entitled to Title VII relief because (1) as an attorney with the office of the Attorney General, she was "personal staff" and not an "employee" within the meaning of Title VII, thus precluding a Title VII action and (2) the individual defendants, Woodard, Howe, and Warren were never named in plaintiff's Equal Employment Opportunity Commission (EEOC) proceeding, and thus, are not proper parties in this action. Because plaintiff has met her burden under summary judgment standards, I disagree with both arguments.

### A. *The Personal Staff Exception*

Defendants argue that the Title VII claim must be dismissed because plaintiff is not an "employee" within the meaning of that statute. An employee is defined under the statute as:

an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision.

42 U.S.C. § 2000e(f).

There is no dispute that as an Assistant Attorney General for Colorado, plaintiff was not subject to the civil service laws or

personnel rules of Colorado. *See* Colo. Const., art. XII, § 13(2); Colo.Rev.Stat. § 24–50–101. Consequently, if her position fits any category described in section 2000e(f), she is precluded from bringing a Title VII action. Defendants argue that plaintiff was personal staff.

■ The personal staff exception is narrowly construed. *Anderson v. City of Albuquerque*, 690 F.2d 796, 800 (10th Cir. 1982). It is intended to exempt those who are chosen by an elected official and who are in a close, personal, and immediate relationship with the elected official. *Anderson*, 690 F.2d at 801; 118 Cong.Rec. 4492–93 (1972). It applies "only to those individuals who are in highly intimate and sensitive positions of responsibility on the staff of the elected official." *Owens v. Rush*, 654 F.2d 1370, 1375 (10th Cir.1981); *see Starrett v. Wadley*, 876 F.2d 808, 821 (10th Cir.1989). The inquiry is highly factual and does not lend itself well to resolution by summary judgment. *See Teneyuca v. Bexar County*, 767 F.2d 148, 152 (5th Cir.1985).

■ Plaintiff has made a sufficient showing to establish a genuine issue regarding the nature of the relationship between plaintiff and the defendants. Although plaintiff was appointed by an elected official (Woodard, the former Attorney General), *see* Colo.Rev.Stat. § 24–31–104, she was of the most junior level of attorneys in the office. She was several supervisory levels below the Attorney General and had no policy making authority. Far from being a first line advisor to the Attorney General, plaintiff was but one of some one-hundred and forty staff attorneys in the office. According to plaintiff's affidavit, she had minimal contact with the Attorney General during employment. Indeed, plaintiff states that:

> [w]ith the exception of office social functions, my only contacts with Attorney General Woodard were to inform him of the discrimination and other employment-related problems which I was experiencing. I had no consultation with the Attorney General regarding substantive legal matters or policy making matters. I

certainly did not have a close and immediate personal relationship with him. I did not receive assignments directly from Mr. Woodard.

I conclude that plaintiff has established a genuine factual dispute as to whether her position was to "formulate policy or advise [Woodard] so as to create the immediate and personal relationship" required for the "narrow exception intended by Congress." *Anderson*, 690 F.2d at 801; *Starrett*, 876 F.2d at 822.

### B. *The Individual Defendants*

■ Defendants argue that the Title VII claims should be dismissed against Woodard, Howe, and Warren (the individual defendants) because they were not named in the EEOC charge. Plaintiff concedes that the individual defendants were not named in the EEOC proceeding, but contends that dismissal is inappropriate. I agree with plaintiff's position.

The purpose of the EEOC filing requirement is to give notice to the employer and to give the employer an opportunity to voluntarily comply with Title VII. *See Greenwood v. Ross*, 778 F.2d 448, 450 (8th Cir.1985). In *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir.1980), the Tenth Circuit stated:

> Some courts have recently recognized narrow exceptions to the strict requirement that each defendant must have been specifically named as the respondent in the EEOC charge where the defendant was informally referred to in the body of the charge, [citations omitted], or where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation. [Citations omitted].

The court then adopted the test set forth in *Glus v. G.C. Murphy Co.*, 562 F.2d 880 (3d Cir.1977), to determine if omission of a party's name from the EEOC charge requires dismissal of a subsequent Title VII action: (1) whether the role of the unnamed party could through reasonable effort by

the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named party are so similar to those of the unnamed party that for the purpose of obtaining voluntary conciliation and compliance, it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. *Romero*, 615 F.2d at 1312 (quoting *Glus*, 562 F.2d at 888).

Applying this test here, I conclude that the individual defendants should not be dismissed. Although the individual defendants could have been ascertained through reasonable effort, the purpose of Title VII is served here by retaining the individual defendants. Woodard and Warren were informally referred to in the EEOC filing. Woodard was also notified personally of the charge when it was filed, and Howe also knew of the charge, as evidenced by a letter he wrote to the EEOC. *See Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 860 (10th Cir.1983).

Furthermore, the interests of the individual defendants are virtually synonymous with the interests of the Colorado Department of Law, the only defendant named in the EEOC proceeding. Given the commensurate interests among the defendants and the fact that they all received notice, they all had adequate opportunity to engage in conciliation efforts. *See Figures v. Board of Pub. Util.*, 731 F.Supp. 1479, 1482 (D.Kan.1990); *Arenas v. Ladish Co.*, 619 F.Supp. 1304, 1308 (E.D.Wis.1985). It is also likely that it would be futile to present the individual defendants with more of an opportunity to conciliate than was presented. *See Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 907 (7th Cir.1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982); *Arenas*, 619 F.Supp. at 1308.

I also reject the defendants' argument that I should apply a higher standard to the plaintiff because she is an attorney. Even if I did apply a higher standard, however, the integral factor here is not the plaintiff's vocation but the lack of prejudice to the individual defendants or harm to the aims of Title VII by naming the individual defendants.

## II. THE SECTION 1981 CLAIM

Defendants argue that plaintiff may not recover under 42 U.S.C. § 1981 because (1) the claim is precluded here by the rule of *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989) and (2) certain remedies sought by plaintiff under section 1981 require payment from the Colorado state treasury and are barred by the eleventh amendment to the United States Constitution. Because plaintiff has failed to meet her burden under summary judgment standards, I grant the motion with regard to the section 1981 claim.

### A. *Failure to Promote and Harassment*

Plaintiff's complaint alleges that as a result of racial harassment, she was constructively discharged. Defendants are correct that this allegation does not state a claim upon which relief may be granted. The Supreme Court held in *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), that § 1981 prohibits racial discrimination in the creation or formation of contracts, not in the termination or breach of contracts. In *Rivera v. AT & T Information Sys., Inc.*, 719 F.Supp. 962, 965 (D.Colo.1989), I held that "under the plain language of Section 1981, discriminatory discharge, like racial harassment amounting to a breach of contract, is post contract formation conduct. Discriminatory discharge occurs after the commencement of the employment relationship and does not affect the employee's right to make or enforce contracts." *See Malekian v. Pottery Club of Aurora, Inc.*, 724 F.Supp. 1279, 1280–81 (D.Colo.1989) (same). Plaintiff's allegation that defendants altered her conditions of employment

by placing her on probationary status based on race suffers from the same defect.

■ In response, plaintiff contends that the complaint really alleges that before she was racially harassed into quitting, defendants refused to promote her based on her race. This allegation, assuming it can be found in the complaint, creeps into the realm of promotion, an area in which § 1981 potentially applies. Whether the promotion claim is actionable "depends upon whether the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer." *Patterson*, 109 S.Ct. at 2377. "Only where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer is such a claim actionable under § 1981." *Id.*

Plaintiff relies in part on *Luna v. City and County of Denver*, 718 F.Supp. 854, 856–57 (D.Colo.1989). There, I denied defendants' motion for summary judgment on Luna's promotion claim because Luna had shown that there was a material question of fact for the jury to resolve. Luna presented evidence showing that defendants' failure to promote him because of his race prevented him from entering "a new and distinct contractual relationship" with the defendant. *Luna*, 718 F.Supp. at 857.

Plaintiff here, however, provides no evidence to support her claim that there is a question whether defendants refused to enter a new and distinct contract with her because of her race. Unlike *Luna*, plaintiff has not met her burden as the non-movant under the provisions of Fed.R.Civ.P. 56(c) to show the existence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Plaintiff's assertion that her "[c]omplaint here raises genuine issues of material fact" is without merit. To avoid summary judgment, she must offer evidence and may not rely on allegations and pleadings. *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230 (10th Cir.1990). Plaintiff has failed to meet her burden.

■ Plaintiff further contends that because she was an at-will employee, each day she went to work, a new contract was formed. Again, I find no merit in this argument. First, I hold as a matter of law that, under *Patterson* analysis, an at-will employment contract does not give rise to a new and distinct relationship between the employee and the employer each time that employee arrives for work. Second, plaintiff provides no evidence on this point, thus failing to meet her summary judgment burden. Indeed in the same pleading in which she forwards this argument, she asserts that she was *not* an at-will employee.

■ Plaintiff also argues that the complaint alleges that her ability to enforce the existing contract was impaired by the defendants' racism. Again, assuming that the complaint can be interpreted to make that allegation, plaintiff fails to provide any evidence to satisfy her summary judgment burden. Consequently, I grant defendants' motion for summary judgment of plaintiff's claim under section 1981.

### B. *The Eleventh Amendment*

Because of the disposition of plaintiff's section 1981 claim, I need not address defendants' argument that certain remedies plaintiff seeks under that claim are barred by the eleventh amendment to the United States Constitution.

Accordingly, it is ORDERED THAT

(1) The motion to dismiss plaintiff Michelle Rabouin's first claim for relief under Title VII, filed by defendants Colorado Department of Law, Duane Woodard, Charles Howe and Susan L. Warren is DENIED;

(2) The motion to dismiss plaintiff Michelle Rabouin's second claim for relief under section 1981, filed by defendants Colorado Department of Law, Duane Woodard, Charles Howe and Susan L. Warren is GRANTED;

(3) Each party is to bear its own costs.