Dorothy M. RIVERA, Plaintiff,

v.

AT & T INFORMATION SYSTEMS, INC., Defendant.

Civ. A. No. 89–B–109.

United States District Court, D. Colorado.

Sept. 13, 1989.

Sylvian Roybal, Denver, Colo., for plaintiff.

Lee Dale and Leslie Lubell, Sherman & Howard, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter is before the Court on defendant AT & T Information Systems, Inc.'s (AT & T) Fed.R.Civ.P. 56 motion for summary judgment. Plaintiff Dorothy M. Rivera (Rivera) alleges in her first claim that she was subjected to disparate treatment based upon her national origin when AT & T terminated her employment. Rivera alleges in her second claim that her discharge was not for good cause and that she was treated unfairly.

AT & T contends that summary judgment should be granted in its favor on Rivera's claim under 42 U.S.C. § 1981 because that claim is barred by the Supreme Court's recent decision in *Patterson v. McClean Credit Union*, —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). AT & T also argues that Rivera's breach of contract claim is ripe for summary judgment because it is preempted by Section 301 of the Labor Management Relations Act, and once preempted, it is barred for failure to allege a breach of the duty of fair representation by Rivera's union. Further, even if the claim was properly plead, it is barred by the applicable statute of limitations.

Both parties agree that oral argument will not materially assist the Court in ruling on this motion. I grant AT & T's motion for summary judgment on Rivera's claim under Section 1981 but grant her leave to file an amended complaint to assert a claim under Title VII, and stay entry of judgment on her second claim until October 12, 1989.

The material facts are undisputed:

Rivera worked for AT & T, formerly known as Western Electric, in Salt Lake City, Utah beginning September 18, 1973. On January 16, 1984 Rivera was transferred to AT & T's Denver facility.

On December 22, 1986 Rivera was terminated for theft of a base telephone set. She does not dispute the theft, but alleges that AT & T treated non-hispanics more favorably in instances of theft.

At the time of her termination, Rivera was a member of the Communications Workers of America (the union). In January 1987, Rivera filed a grievance against AT & T which the union pursued through several stages. The union informed Rivera by letter that it would not take the case to arbitration.

At the time of her discharge Rivera was employed in the warehouse and was covered by a collective bargaining agreement. Rivera does not contest the existence of the collective bargaining agreement. Rather, Rivera alleges in her complaint that she was employed under the provisions of an employment contract, either express or implied, which provided that she would be terminated only for good cause and that she would be treated fairly and similar to other employees. Additionally, Rivera argues that she has not had the opportunity for full discovery as to whether claims against AT & T exist outside of the collective bargaining agreement.

Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex v. Catrett*, 477 U.S.

317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is appropriate when the Court can conclude that no reasonable juror could find for the non-moving party on the basis of the evidence presented in the motion and response. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-moving party must present sufficient evidence so that a reasonable juror could rule in the non-moving party's favor. *Id.* Further, the non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex v. Catrett, supra.*

## I.

■ In *Patterson v. McClean Credit Union, supra*, the Supreme Court held that Section 1981 does not provide relief for discrimination in post-contract formation contexts. Rather, Section 1981 expressly prohibits discrimination only in the making and enforcement of contracts. The Court stated that:

> By its plain terms, the relevant provision in § 1981 protects two rights: the same right ... to make ... contracts and the same right ... to enforce contracts. The first of these protections extends only to the formation of a contract, but not to problems that may arise later from the conditions of continuing employment. The statute prohibits, when based on race, the refusal to enter into a contract with someone, as well as the offer to make a contract only on discriminatory terms. But the right to make contracts does not extend, as a matter of either logic or semantics, to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions. Such postformation conduct does not involve the right to make a contract, but rather implicates the performance of established contract obligations and the conditions of continuing employment, matters more naturally governed by state contract law and Title VII.

*Id.* 109 S.Ct. at 2372–73.

(The second protection referenced under Section 1981 prohibits discrimination in the legal process that prevents the enforcement of established contract rights.)

Another judge in this district recently held that *Patterson* does not bar Section 1981 suits based upon discriminatory discharge. *Padilla v. United Airlines*, 716 F.Supp. 485 (D.Colo.1989). In *Padilla v. United Airlines, supra*, the Court first distinguished *Patterson* on the ground that the Supreme Court "did not say that termination of an employee does not involve the formation process" because the issue of whether plaintiff's claim for discriminatory firing was actionable under § 1981 was never before the Court. The Court then reasoned that:

> [T]ermination is part of the making of a contract. A person who is terminated because of his race, like one who was denied an employment contract because of his race, is without a job. Termination affects the existence of the contract, not merely the terms of its performance. Thus, discriminatory termination directly affects the right to make a contract contrary to § 1981.

*Padilla v. United Airlines, supra* at 490.

I respectfully disagree with my colleague's rationale. Although the Supreme Court failed to address specifically discriminatory discharge, it held that Section 1981 does not extend to conduct by the employer after the contract relation has been established, including breach of the contract. As the Supreme Court stated:

> [R]acial harassment amounting to breach of contract, like racial harassment alone, impairs neither the right to make nor the right to enforce a contract. It is plain that the former right is not implicated directly by an employer's breach in the performance of obligations under a contract already formed. Nor is it correct to say that racial harassment amounting to a breach of contract impairs an employee's right to enforce his contract. To the contrary, conduct amounting to a breach of contract under state law is precisely what the language of § 1981 does not cover. That is because, in such

a case, provided that plaintiff's access to state court or any other dispute resolution process has not been impaired by either the State or a private actor, ... the plaintiff is free to enforce the terms of the contract in state court, and cannot possibly assert, by reason of the breach alone, that he has been deprived of the same right to enforce contracts as is enjoyed by white citizens.

*Patterson, supra* 109 S.Ct. at 2376.

The Supreme Court's rationale in *Patterson, supra,* leads me to conclude that under the plain language of Section 1981, discriminatory discharge, like racial harassment amounting to a breach of contract, is post contract formation conduct. Discriminatory discharge occurs after the commencement of the employment relationship and does not affect the employee's right to make or enforce contracts.

Here, Rivera does not allege that AT & T discriminated against her when it entered into their employment relationship nor does she allege that AT & T impaired her ability to enforce through the legal process her established contract rights. Although the national origin discrimination alleged by Rivera is actionable under Title VII, *Patterson, supra* 109 S.Ct. at 2375, Rivera has not grounded her first claim under Title VII. Accordingly, while *Patterson* requires that summary judgment be granted on Rivera's first claim for relief, because the Supreme Court handed down its ruling in *Patterson* nearly six months after Rivera originally filed her complaint in this action, I will grant Rivera leave to and including October 12, 1989 to file an amended complaint to assert a claim for relief under Title VII.

## II.

■ Rivera's second claim for relief is for state law breach of contract. AT & T argues that because Rivera was covered by a collective bargaining agreement, her claim is preempted by Section 301 of the Labor–Management Relations Act (Section 301), 29 U.S.C. § 185(a), and that once preempted, Rivera's claim is barred for failure to allege a breach of the duty of fair representation by her union. AT & T further argues that even if Rivera's claim were properly plead, it is barred by the six month statute of limitations for "hybrid" actions under Section 301. Rivera does not dispute these arguments, and thus summary judgment is warranted on the record. However, Rivera contends that she has not been given the opportunity to conduct full discovery as to whether claims against AT & T exist outside of the collective bargaining agreement. Contrary to Rivera's assertion, AT & T presents evidence that Rivera had full opportunity to inspect and copy the produced discovery.

Adequate discovery is favored before summary judgment is granted. *Celotex v. Catrett, supra; see Bryant v. O'Connor,* 848 F.2d 1064 (10th Cir.1988). Because of the seriousness of Rivera's claims against AT & T, I will allow her 20 days from the date of this Order to complete discovery as to whether claims against AT & T exist outside of the collective bargaining agreement and until October 12, 1989 to show what claims against AT & T exist outside the collective bargaining agreement.

Accordingly, it is ORDERED that:

1. AT & T's motion for summary judgment on Rivera's Section 1981 claim is GRANTED.

2. Rivera has until October 12, 1989 to amend her complaint to assert a claim for relief under Title VII.

3. Rivera has 20 days to complete discovery and until October 12, 1989 to show in writing what claims against AT & T exist outside of the collective bargaining agreement.

4. AT & T's motion for summary judgment on Rivera's state breach of contract claim is stayed until October 12, 1989.