**Alexander ARVIA, Plaintiff,**

v.

**James W. BLACK and Larimer County Sheriff's Department, Defendants.**

No. 89–C–418.

United States District Court,
D. Colorado.

Oct. 12, 1989.

Joseph P. Genchi, Estes Park, Colo., for plaintiff.

George H. Hass, Fort Collins, Colo., for defendants.

## ORDER

CARRIGAN, District Judge.

Plaintiff, a former Larimer County, Colorado, deputy sheriff, contends that his civil rights protected by 42 U.S.C. § 1983 were violated when his employment was terminated on March 11, 1987. He filed this action March 13, 1989. Defendants are James W. Black, the Sheriff of Larimer County and the Larimer County Sheriff's Department. In his first claim, the plaintiff has asserted violations of due process and liberty interest. Plaintiff in his second claim seeks to hold the defendant Black personally liable for the asserted constitutional violations. In his third claim, the plaintiff has requested recovery of attorney's fees pursuant to 42 U.S.C. § 1988.

Defendants have moved to dismiss the complaint on the ground that the action was filed after the applicable limitations period, and because the plaintiff had no property right in his employment. Plaintiff has responded by opposing the motion and seeks imposition of Rule 11, Fed.R. Civ.P., sanctions against the defendants for having filed a frivolous motion.

The parties have fully briefed the issues and oral argument would not facilitate the decision process. Jurisdiction is based on 28 U.S.C. §§ 1331, 1343.

■ In their motion, the defendants contend that this action is governed by the one year limitations period set forth in Colo. Rev.Stat. § 13–80–103(1)(c) (Repl.1987), which applies to personal injury actions filed against Sheriffs. In the alternative, they assert that the two year limitations period contained in Colo.Rev.Stat. § 13–80–102(1)(a), (g), or (h) applies. These provisions govern actions created by federal statutes that do not contain limitations periods, and all actions against public or governmental entities or employees. Applying the latter statute, the defendants argue that since the plaintiff was fired on March 11, 1987, the limitations period expired on March 10, 1989. Therefore, they argue, the plaintiff's filing of his complaint on March 13, 1989, was not timely.

Plaintiff in response relies on Colo.Rev. Stat. § 87–1–1, contending that it is the general limitations period for tort liability and establishes a six year limitations period for personal injury actions. I reject outright the plaintiff's argument because § 87–1–1 is no longer the law and in fact, is

no longer contained in the Colorado statutes.

In *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the United States Supreme Court determined that Congress intended that § 1983 actions be characterized as conferring a general remedy for injuries to personal rights. The Supreme Court in *Garcia* affirmed a decision by the Court of Appeals for the Tenth Circuit that had applied a New Mexico statute of limitations governing actions " 'for an injury to the person or reputation of any person.' " *Id.* at 278, 280, 105 S.Ct. at 1948, 1949.

*McKay v. Hammock*, 730 F.2d 1367 (10th Cir.1984) is a companion case to *Garcia* in which the Court of Appeals for the Tenth Circuit applied the same reasoning affirmed in *Garcia* by the Supreme Court. After determining that "no one Colorado limitations statute is applicable to an action for an injury to another," the Court of Appeals applied Colorado's residual statute, Colo.Rev.Stat. § 13–80–108(1)(b) (1973), to § 1983 actions. Section 13–80–108(1)(b) provided a three year limitations period for "[a]ll other actions of every kind for which no other period of limitation is provided by law." *McKay*, 730 F.2d at 1370.

In 1986, Colorado tort statutes were significantly revised by the General Assembly. The previous three year residual statute was changed to provide a two year period. Colo.Rev.Stat. § 13–80–102(1)(i) (1987). Under the *Garcia/McKay* analysis, the Colorado residual statute applies to § 1983 claims unless, as a result of tort reform, another statute of limitations is better suited to govern actions for "injuries to personal rights."

First, § 13–80–103(1)(c), applicable to actions against Sheriffs, must be rejected since the Supreme Court in *Garcia* specifically stated that Congress did not intend for § 1983 actions to provide "a cause of action analogous to state remedies for wrongs committed by public officials." *Garcia*, 471 U.S. at 279, 105 S.Ct. at 1948. Similarly, the two year period set forth in § 13–80–102(1)(h), which governs the filing of actions against public or government entities or employees, must be rejected for the same reasons. The other statutes relied upon by the defendants also provide two year limitations periods, as does Colorado's present residual statute, § 13–80–102(1)(i). Sections 13–80–102(1)(a) and (g) existed when *McKay* was decided but were codified under different section numbers in the Colorado statutes (Colo. Rev.Stat. §§ 13–80–110 and 13–80–106). These statutes were implicitly rejected by *McKay*.

I conclude therefore that § 13–80–102(1)(i), Colorado's two year residual statute, is best suited to govern actions that confer a general remedy for injuries to personal rights. I further conclude that this section applies to civil rights actions predicated on § 1983.

■ With respect to the manner in which the limitations period is computed, I note that the Supreme Court in *Garcia* stated that when applying a state statute of limitations to federal statutory claims, "only the length of the limitations period, and closely related questions of tolling and application, are to be governed by state law." *Garcia*, 471 U.S. at 269, 105 S.Ct. at 1943. Moreover, the Court of Appeals for the Tenth Circuit has determined that the accrual date for limitations periods is governed by federal, not state, law. *Newcomb v. Ingle*, 827 F.2d 675, 678 (10th Cir.1987).

The parties in the instant action agree that the plaintiff's injury accrued on March 11, 1987, the date of his employment termination. Plaintiff urges that Rule 6(a), Fed. R.Civ.P., be utilized in computing the filing deadline for his action. Rule 6(a) provides in pertinent part:

"[i]n computing any period of time prescribed by ... any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the event so computed shall be included, unless it is a Saturday, Sunday, or a legal holiday, ... in which event the period runs until the next day which is not one of the aforementioned days."

According to 2 *Moore's Federal Practice*, para. 6.06[2], Rule 6(a) is a procedural rule that cannot apply directly to a statute of limitations, but the court may adopt by analogy the method of computation it prescribes. In *Johnson v. Flemming*, 264 F.2d 322 (10th Cir.1959), the Tenth Circuit Court of Appeals applied Rule 6(a) in computing the limitations period in an action under the Social Security Act. To the extent that a question exists whether Colorado law applies in computing the limitations period, Rule 6(a), Colo.R.Civ.P., is virtually identical to Fed.R.Civ.P. 6(a) and the result under state law presumably would be the same. Indeed, the Colorado Supreme Court in *Dillingham v. Greeley Publishing Co.*, 701 P.2d 27 (1985), applied Colo.R. Civ.P. 6(a) in computing a limitations period.

Taking as true the parties' position that the plaintiff's action accrued on March 11, 1987, and applying Fed.R.Civ.P. 6(a), the two year limitations period began to run on March 12, 1987. The period therefore expired on Saturday, March 11, 1989. The next date that was not a Saturday or Sunday was March 13, 1989. Since that is the date on which the plaintiff filed his action, I conclude that the complaint was timely filed.

Defendants assert that Rule 77(a), Fed. R.Civ.P., prevents the tolling of the statute of limitations. Fed.R.Civ.P. 77(a) provides that the district courts are deemed always open for the purposes of filing any pleading or other proper paper. This rule has been construed as authorizing filing by delivering the documents to be filed to the proper officer at a place other than the office of the Clerk of the Court when that office is closed and a pleading or other paper must be filed. 7 *Moore's Federal Practice* para. 77.02. This argument by the defendants is without merit.

■ As their last argument, the defendants contend that the plaintiff, as a deputy sheriff, had no property interest in his employment and was not entitled to due process protection before that employment was terminated. In response, the plaintiff asserts that his constitutional claim is grounded on a violation of liberty interest only, based on the stigmatizing remarks made regarding his employment termination that have precluded later employment. According to the plaintiff, his constitutional claim does not include failure to afford a due process hearing prior to his discharge.

To establish a liberty interest violation, the plaintiff must prove that his employment termination was accompanied by public dissemination of the reasons for dismissal that stigmatized his employment reputation or foreclosed future employment possibilities. Plaintiff also must establish that his employer did not afford him an opportunity for a hearing to clear his good name, reputation, honor and integrity. *Walker v. United States*, 744 F.2d 67, 69 (10th Cir.1984); *Lentsch v. Marshall*, 741 F.2d 301, 303–04 (10th Cir.1984). Whether the plaintiff possessed a property right to his employment is not an element of the claim for violation of his liberty interest. Defendants' motion to dismiss the plaintiff's constitutional claim for failure to state a claim upon which relief may be granted is denied.

I do not find, however, that the defendants' motion to dismiss is frivolous or filed in bad faith. Plaintiff's request for sanctions is denied.

Accordingly, IT IS ORDERED that:

(1) Defendants' motion to dismiss the complaint is denied; and

(2) Plaintiff's motion for Rule 11, Fed.R. Civ.P., sanctions is denied.