**William G. RIEL, Plaintiff,**

v.

**Gary REED, et al., Defendants.**

**No. 89–C–489.**

United States District Court,
D. Colorado.

March 26, 1991.

Paul Baca, Denver, Colo., for plaintiff.

Geoffrey Wasson, David Bruno, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff William G. Riel commenced this action asserting claims for harassment and retaliatory discharge under 42 U.S.C. § 1981 (first claim), denial of equal employ-

ment opportunity under 42 U.S.C. § 1983 (second claim) and denial of Fourteenth Amendment procedural due process under § 1983 (third claim). Defendants Gary Reed, Warren Fairfield, C.D. Eldridge and Myrle K. Wise, all Denver Fire Department employees, have moved for summary judgment.[1] Plaintiff has responded by opposing the motion.

The parties have fully briefed the issues and oral argument would not materially facilitate decision. Jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1343(4).

## I. Facts.

In June 1975, the Denver Fire Department (the department) hired the plaintiff as a mechanic and assigned him to the department's repair shop. Disputes arose between the plaintiff and the defendants. Defendants allegedly harassed the plaintiff, causing him a "stress disorder." (Complaint, p. 4).

On August 30, 1985, the defendant Wise placed the plaintiff on sick leave with pay, and ordered him to contact a physician for treatment of his stress condition. On January 21, 1986, the department informed Riel by letter that his sick leave pay would expire on February 6, 1986, but that he could use his accrued vacation time if he desired to extend his leave with pay. (Defendants' brief, Ex. S.) Riel responded to that letter on January 27, 1986, indicating that he would not return to work and requesting that he be allowed to use accumulated vacation time to extend his paid leave. (Defendants' reply brief, Ex. 2.)

By letter dated January 29, 1986, the department informed Riel that his accrued vacation time would expire on March 24, 1986, and he would then "be placed on leave without pay." (*Id.* at Ex 3.) Riel indeed was placed on leave without pay on the latter date.

On April 9, 1986, Riel authorized his attorney to apply on his behalf for disability benefits. On September 26, 1986, he obtained a disability pension. Riel commenced this action on March 23, 1989.

## II. Analysis.

Defendants have moved for summary judgment, arguing: (1) that the plaintiff has failed to state a cognizable claim under § 1981; and (2) that the plaintiff's second and third claims under § 1983 are time barred.

Summary judgment is proper if the pleadings, depositions and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party opposing a properly supported summary judgment motion may not rest upon the mere allegations of the complaint, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

### A. Section 1981 Claim.

In his first claim, asserted under 42 U.S.C. § 1981, the plaintiff asserts that he was harassed and discharged in retaliation for supporting a minority member of the department, Frank E. Quintana, in a civil rights lawsuit Quintana had filed. (Complaint, ¶¶ 15–21.)

In *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), the United States Supreme Court narrowed § 1981's application in the employment context by holding that a discrimination claim, to be actionable, must be based on the making and enforcement of a contract. The Court further held that § 1981 does not apply to an employer's discriminatory conduct after a contract's formation unless the employer's act "impairs the right to enforce contract obligations through legal process." *Id.* 109 S.Ct. at 2374.

---

1. Two motions for summary judgment are pending: The separate motion of the defendant Reed and a second motion by all other defendants. While the issues raised in the two motions are virtually identical, the plaintiff appears to have responded formally to only the second motion. I address both motions in this order since both raise the same issues.

Courts are divided on the question whether retaliatory discharge claims under § 1981 are viable in the wake of *Patterson*. Compare *Overby v. Chevron USA, Inc.*, 884 F.2d 470 (9th Cir.1989); *Sherman v. Burke Contracting, Inc.*, 891 F.2d 1527 (11th Cir.1990); *Carter v. South Cent. Bell*, 912 F.2d 832 (5th Cir.1990); *Alexander v. New York Medical College*, 721 F.Supp. 587 (S.D.N.Y.1989) (retaliatory discharge claims not actionable); *with McKnight v. General Motors Corp.*, 908 F.2d 104 (7th Cir.1990); *English v. General Development Corp.*, 717 F.Supp. 628 (N.D. Ill.1989) (retaliatory discharge claims actionable).

The majority rule is that a retaliatory discharge is post-formation conduct that does not interfere with an individual's right to make or enforce an employment contract. *See Jordan v. U.S. West Direct Co.*, Civil Action No. 88–C–1982, Slip Op. (D.Colo. Dec. 10, 1990); *Osoro v. Digital Equipment Corp.*, Civil Action No. 90–C–1809, Slip Op. (D.Colo.1990); *Gomez v. Martin Marietta Corp.*, Civil Action No. 88–C–1430, Slip Op. (D.Colo. March 12, 1990); *Malekian v. Pottery Club of Aurora, Inc.*, 724 F.Supp. 1279 (D.Colo.1989); *Rivera v. AT & T Information Systems, Inc.*, 719 F.Supp. 962 (D.Colo.1989); *Trujillo v. Grand Junction Regional Center*, Civil Action No. 88–C–1423, Slip Op., 1989 WL 248213 (D.Colo. Oct. 20, 1989).

The Tenth Circuit's approach is consistent with the majority rule. In *Hill v. Goodyear Tire & Rubber, Inc.*, 918 F.2d 877 (10th Cir.1990), the plaintiff claimed that he had been discharged because he had complained about racial slurs and other incidents of racial harassment. Holding that the district court properly had refused to submit the plaintiff's retaliatory discharge claim to the jury, the Tenth Circuit declared that:

> "Such advocacy, while commendable, is not protected by the provisions of section 1981 as it relates only to conduct affecting the terms and conditions of employment, which itself is not actionable under the statute. See *Patterson*, 109 S.Ct. at 2369. Since plaintiff's advocacy was not protected under section 1981, his discharge, even if retaliatory for such advocacy, was not actionable under section 1981." *Id.* at 880.

Plaintiff complains that he was harassed and discharged because he supported the efforts of an Hispanic employee in that person's civil rights action. I note preliminarily that the plaintiff's assertion that he has been discharged is difficult to square with the other allegations of the complaint or the evidence submitted. Indeed, there is no evidence that he either has resigned or has been discharged. Rather the letter the plaintiff sent his attorney on April 9, 1986, merely authorized an application for a disability pension, and noted that "[i]f a pension is not possible at this time, I would like to return to work at the Fire Department." (Plaintiff's response, Ex. D.)

■ Even accepting as true the plaintiff's allegations of harassment and retaliatory discharge, however, it is clear that they charge discriminatory treatment only in conduct affecting the terms and conditions of his employment, not in its formation or enforcement. Such treatment constituted post-formation conduct that could not have impinged on procedures to make or enforce the employment contract. Further the plaintiff does not assert that the defendant has obstructed his access to legal process. *Patterson* thus requires dismissing the plaintiff's § 1981 claim.

### B. Section 1983 Claims.

Plaintiff's second and third claims, asserted under § 1983, are for denial of equal employment opportunity and denial of procedural due process, respectively. Defendant argues that these claims are time barred.

■ Actions under 42 U.S.C. § 1983 are governed by Colorado's residual statute of limitations, Colo.Rev.Stat. § 13–80–102(1)(i) (1987). *McKay v. Hammock*, 730 F.2d 1367 (10th Cir.1984); *E.E.O.C. v. Gaddis*, 733 F.2d 1373, 1377 (10th Cir.1984); *Arvia v. Black*, 722 F.Supp. 644, 646 (D.Colo. 1989). The residual statute previously provided a three-year limitations period. *See* Colo.Rev.Stat. § 13–80–108(1)(b) (1973). In

1986, however, that statute was amended to provide a two-year period. *See* Colo. Rev.Stat. § 13–80–102(1)(i) (1987). Thus a three-year limitations period applies to actions arising prior to July 1, 1986, the statute's effective date, while a two-year period governs actions arising on or after that date. *See* 1986 Colo.Sess.Laws § 23, p. 706.

■ Under *Delaware State College v. Ricks*, 449 U.S. 250, 256–59, 101 S.Ct. 498, 503–05, 66 L.Ed.2d 431 (1980), employment discrimination actions accrue, and limitations periods commence running, on the date that an employee is notified of an adverse employment decision. In *Ricks*, the plaintiff asserted claims under Title VII, 42 U.S.C. § 2000e *et seq.*, and under § 1981 for allegedly discriminatory denial of tenure. He argued that the limitations period began running when he was discharged, rather than when he learned that he had been denied tenure. *Id.* at 257, 101 S.Ct. at 503–04. The Supreme Court, however, rejected his argument, determining that the appropriate focus is on the time of the discriminatory acts, not the time at which the consequences of those acts become evident. *Id.* at 258, 101 S.Ct. at 504.

Guided by the above stated standards, I must determine: (1) what limitations period controls the § 1983 claims in this action; and (2) when that period commenced running.

Plaintiff complains of acts by the defendants that occurred before July 1, 1986. (*See* complaint, ¶¶ 9–27.) Recognizing that a two-year period governs actions accruing after that date, the plaintiff "does not dispute the fact that the three-year residual statute is the appropriate statute of limitations to be applied here."[2] (Plaintiff's response, p. 8.) Based on the complaint's allegations, the affidavits and other documents submitted, I conclude that the three-year limitations period of Colo.Rev. Stat. § 13–80–108(1)(b) (1973), in effect when the acts here occurred, governs this action.

■ The task remaining is to determine when that limitations period commenced running. Plaintiff's § 1983 claims are based, in part, on alleged harassment and on his placement on sick leave with pay. Under *Ricks*, the latter claim accrued when he was informed of that employment decision. It is undisputed that that date was August 30, 1985, more than three years before this action was commenced. (*See* Plaintiff's response, p. 8.)

Similarly, the plaintiff has neither alleged nor provided evidence that any act alleged to be harassment occurred after August 30, 1985. (*See* Complaint, ¶¶ 9–23.) As noted, the plaintiff filed his complaint on March 23, 1989. Plaintiff's § 1983 claims are therefore time barred to the extent that they are based on harassment or placement on sick leave with pay.

■ The remaining aspects of the plaintiff's § 1983 claims appear to be based on his placement on leave without pay. The parties agree that wage and benefit payments to the plaintiff ended on March 24, 1986. (Plaintiff's response, p. 8.) Prior to that date, however, on January 29, 1986, the department responded to the plaintiff's inquiries regarding his pay by notifying him that his pay would end on March 24. Because the action was commenced more than three years after January 29, 1986, the defendants argue that the plaintiff's claims are barred.

Notably, the plaintiff does not assert, either in his complaint or his response to the defendants' motion, that he did not receive the January 29, 1986 notification or that his pay termination came as a surprise. Plaintiff argues, however, that the limitations period did not begin to run until April 9, 1986, the date when he was "constructively discharged." (Plaintiff's response, p. 8–9.) In effect, he appears to assert a continuing violation of the civil rights laws, arguing that the limitations statute was tolled until he granted his attorney authority "to sever his employment

---

**2.** Defendants concede that the three year period is applicable to the plaintiff's action to the extent he seeks recovery for placement on sick leave and placement on leave without pay. (Defendants' brief, p. 9–10.)

relationship" with the department by applying for disability benefits. *Id.*

The law requires that I reject the plaintiff's argument. The date of the alleged constructive discharge, if controlling at all, could only be effective with respect to the plaintiff's § 1981 retaliatory discharge claim that already has been dismissed. In *Ricks,* facing an argument similar to the plaintiff's argument here, the Supreme Court concluded, that the alleged discrimination occurred—and the limitations period commenced running—at the time the adverse employment decision was made and communicated to the aggrieved employee.[3] 449 U.S. at 256–59, 101 S.Ct. at 503–05.

Defendants assert that that date, at the latest, was January 29, 1986, when the department informed the plaintiff that his leave with pay would soon expire. In response to the defendants' summary judgment motion, the plaintiff was required to contradict the assertion that notice of the adverse employment decision was received outside the statutory period allowed for commencing the action. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). That the plaintiff has failed to do. For the above stated reasons, I conclude that the plaintiff's § 1983 claims are time barred.

Accordingly, IT IS ORDERED that:

(1) the motion for summary judgment filed by the defendants Warren Fairfield, C.D. Eldridge and Myrle K. Wise is granted;

(2) the defendant Gary Reed's motion for summary judgment is granted; and

(3) the plaintiff's claims and action are dismissed.

---

**3.** I note that the plaintiff's post-notice receipt of benefits does not affect the statute's running.

*See Wilkerson v. Siegfried Insurance Agency, Inc.,* 621 F.2d 1042, 1043 (10th Cir.1980).