977 F.2d 595
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Appleseed JESUSDAUGHTER, Plaintiff-Appellant,
v.
MESA COUNTY DEPARTMENT OF SOCIAL SERVICES; Mesa County
Sheriff's Department; Mesa County Police
Department, Defendants-Appellees.
 No. 91-1407.
 United States Court of Appeals, Tenth Circuit.
 Oct. 16, 1992.
 
 Before McKAY, Chief Judge, and BARRETT, Circuit Judge, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from a district court order dismissing her civil rights action on the recommendation of the magistrate judge. Her pro se complaint asserts three general grounds for relief: (1) erroneous termination of her parental rights, (2) improper conduct by law enforcement officers and social service personnel leading up to the termination proceeding, and (3) submission of prejured testimony during the termination proceeding. The district court held that Plaintiff had failed to state a redressible claim for relief, and that her cause of action was time-barred in any event. We affirm for substantially the same reasons.
 
 
 3
 Leaving aside for the moment the statute of limitations question, we agree with the district court's assessment that the factual allegations of the complaint are too vague and conclusory to state any cognizable claim for relief, particularly against the local governmental agencies that are the sole named Defendants herein. See generally Monell v. Department of Social Servs., 436 U.S. 658 (1978); D.T. ex rel. M.T. v. Independent Sch. Dist. No. 16, 894 F.2d 1176, 1187, 1191 (10th Cir.), cert. denied, 111 S.Ct. 213 (1990). More fundamentally, however, we emphasize that to the extent Plaintiff is attempting to use 42 U.S.C. § 1983 to obtain what is, in effect, appellate review of the state court termination proceeding, the district court lacked subject matter jurisdiction to entertain her claim. See Facio v. Jones, 929 F.2d 541, 543 (10th Cir.1991) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)); see, e.g., Anderson v. Colorado, 793 F.2d 262, 263-64 (10th Cir.1986) (district court lacked subject matter jurisdiction over § 1983 claim seeking review of state court custody decision).
 
 
 4
 The applicable statute of limitations for § 1983 claims in Colorado, which has multiple statutory provisions governing various personal injury actions, is the residuary statute of limitations now codified at Colo.Rev.Stat. § 13-80-102(1)(i) (1987) (formerly § 13-80-108(1)(b) (1973)). See Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1493 (10th Cir.1991); see also Owens v. Okure, 488 U.S. 235, 242 n. 6, 249-50 (1989). Due to the repeal and reenactment of this statute in 1986, a three-year period applies to claims arising before July 1, 1986, while the current two-year period applies to claims arising on or after that date. Riel v. Reed, 760 F.Supp. 852, 854-55 (D.Colo.1991); see also Pfeiffer, 929 F.2d at 1493 n. 10. Accordingly, Plaintiff's Complaint, which was filed November 6, 1990, is untimely as to the operative events alleged therein, which took place in the three years leading up to the termination of her parental rights by the state district court on January 29, 1988. Cf. Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir.1991) (§ 1983 claims relating to events leading up to and including state prosecution all presumptively accrue[1] by conclusion of trial).
 
 
 5
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. Pending motions are DENIED as moot.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The question of accrual here is properly governed by federal principles. See Newcomb v. Ingle, 827 F.2d 675, 678 (10th Cir.1987); see also Bath v. Bushkin, Gaims, Gaines & Jonas, 913 F.2d 817, 820 (10th Cir.1990)