25 F.3d 1055
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sammy ALVAREZ, Plaintiff-Appellant,
v.
Frank GUNTER; Thomas Cooper; Robert Thurlow; Charles
Watson; Jim Cowan; and Cletus Kennedy,
Defendants-Appellees.
 No. 93-1496.
 United States Court of Appeals, Tenth Circuit.
 May 17, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Alvarez, a state inmate and pro se litigant, appeals the dismissal of his 42 U.S.C. Sec. 1983 suit against various prison officials and employees. We affirm.
 
 
 3
 We attach hereto the recommendation of the magistrate judge and the district court's order of dismissal which deals with Mr. Alvarez's objections. Both are accurate and complete.
 
 
 4
 Mr. Alvarez's appeal is not helpful. He contends excusable neglect exists which precludes the statute of limitations from running, and he makes numerous assertions that were not raised before the trial court.
 
 
 5
 We have not been persuaded the district court's decision was erroneous. We AFFIRM the judgment of the district court for substantially the same reasons set forth by the magistrate judge and the district court. The mandate shall issue forthwith.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF COLORADO
 Civil Action No. 93 Z 1882
 
 6
 Sammy Michael Alvarez, Plaintiff,
 
 
 7
 v.
 
 
 8
 Frank Gunter, Thomas Cooper, Robert Thurlow, Charles Watson,
 
 
 9
 Jim Cowan, Cletus Kennedy, Defendants.
 
 
 10
 Sept. 29, 1993.
 
 
 11
 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
 
 
 12
 Plaintiff Sammy Michael Alvarez, a prisoner at the Colorado State Penitentiary, has filed a civil rights complaint pursuant to 42 U.S.C. Sec. 1983. In his Complaint, the Plaintiff alleges that his civil rights were violated in the course of a prison disciplinary proceeding in 1989.
 
 
 13
 Pursuant to Rule 72.4 of the Local Rules of Practice of the United States District Court for the District of Colorado, this matter has been referred to Magistrate Judge O. Edward Schlatter. The parties' rights to seek review or reconsideration of this recommendation, by filing objections within ten days, are attached hereto, and are entitled "Advisement Under Fed.R.Civ.P. 72." MAGISTRATE JUDGE SCHLATTER HEREBY RECOMMENDS THAT PLAINTIFF'S COMPLAINT BE DISMISSED.
 
 
 14
 As Plaintiff is representing himself, his Complaint will be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979). A complaint must be dismissed if, accepting the allegations as true, it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988). To state a valid claim under Sec. 1983 plaintiff must allege that the defendants deprived him of a right secured by the United States Constitution while they acted under color of state law. Adickes v. S.H. Kress and Co., 398 U.S. 144, 150 (1970).
 
 
 15
 The Plaintiff, Mr. Alvarez, alleges that he was convicted of two prison disciplinary violations under the Code of Penal Discipline (COPD) in December, 1989. According to Mr. Alvarez, some of the Defendants withheld key evidence from and submitted false testimony at the Plaintiff's disciplinary hearing. Criminal charges were later filed against Mr. Alvarez based on the incident which resulted in the COPD convictions. According to Mr. Alvarez, the criminal charges were dismissed on October 12, 1990. Mr. Alvarez says the criminal charges were dismissed because some of the Defendants had submitted false reports and withheld evidence concerning the incident. The Plaintiff also complains that he was reclassified to administrative segregation as a result of the 1989 disciplinary convictions and remains in administrative segregation at this time. According to the Plaintiff, his placement in administrative segregation amounts to cruel and unusual punishment.
 
 I. STATUTE OF LIMITATIONS
 
 16
 The applicable statute of limitations rules in Sec. 1983 actions in federal courts are those of the state in which the court is located. Board of Regents v. Tomanio, 446 U.S. 478, 483-84 (1980). The court should use the statute of limitations for tort actions and the recovery of personal injuries. Wilson v. Garcia, 471 U.S. 261, 276 (1985). If there is more than one statute of limitations for personal injury actions, the court should use the general or residual statute for personal injury actions. Colorado has two personal injury statutes of limitations, COLO.REV.STAT. Sec. 13-80-102(1)(a) (1987) (two years) and COLO.REV.STAT. Sec. 13-80-103(1)(a) (1987) (one year). Section 13-80-102(1)(a), (i) is the residual statute for all personal injury actions. Therefore, the two year limitation period of Section 13-80-102(1)(a), (i) is applicable to all Sec. 1983 actions filed in the Colorado federal courts. See Arvia v. Black, 722 F.Supp. 644 (D.Colo.1989) (C.R.S. 13-80-102(1)(i) controls Sec. 1983 cases in federal court).
 
 COLO.REV.STAT. Sec. 13-80-108(1) states:
 
 17
 A cause of action for injury to person, property, reputation, possession, relationship, or status shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence.
 
 
 18
 The exercise of reasonable diligence in this statute refers to discovery of the facts setting forth a cause of action. Under Colorado law, the limitations period begins to run when the aggrieved party discovers, or should have discovered by the exercise of reasonable diligence, the facts which would constitute the basis for any entitlement to recovery. COLO.REV.STAT. Sec. 13-80-108. See also Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 (10th Cir.1980), Morris v. Geer, 720 P.2d 994 (Colo.App.1986).
 
 
 19
 Mr. Alvarez alleges in his Complaint that criminal charges against him were dismissed based on the Defendants' false reports and withholding of evidence. Assuming this allegation to be true, Mr. Alvarez was obviously aware of the wrongs allegedly committed by the Defendants in October of 1990, if not before. Mr. Alvarez' reclassification to administrative segregation had taken place in August of 1989. Thus, the Complaint indicates that Mr. Alvarez was aware of the Defendants' alleged wrongful acts related to the Plaintiff's disciplinary convictions, and the harm Mr. Alvarez allegedly suffered as a result of these acts, in October of 1990. The Complaint in this case was filed September 9, 1993, more than two years beyond the date on which Mr. Alvarez became aware of the facts which he claims amount to a cause of action under Sec. 1983. Therefore, Mr. Alvarez' due process and equal protection claims concerning his COPD convictions are barred by the statute of limitations.
 
 II. CRUEL AND UNUSUAL PUNISHMENT
 
 20
 The Supreme Court has recently ruled that the plaintiff in a civil rights action must assert that the defendants had the culpable mental state to cause the alleged cruel and unusual punishment. The plaintiff must allege that the defendants acted with deliberate indifference to Plaintiffs' serious needs. Wilson v. Seiter, No. 89-7376 (S.Ct. June 17, 1991). "[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain.... But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." Rhodes v. Chapman, 452 U.S. 337, 346-47, 101 S.Ct. 2392, 2399 (1981) (quotation omitted).
 
 
 21
 The Plaintiff has not specifically alleged deliberate indifference on the part of the Defendants. However, assuming the Complaint should be interpreted as alleging deliberate indifference, the allegations of the Complaint do not state a claim for violation of Plaintiff's right against cruel and unusual punishment. If a prison inmate is provided with adequate food, clothing and sanitation, the conditions of his or her confinement do not on their face violate the Eighth Amendment. Sheley v. Dugger, 833 F.2d 1420 (11th Cir.1987). Mr. Alvarez is given few privileges in administrative segregation, but nothing in the Complaint indicates that the conditions in administrative segregation amount to cruel and unusual punishment.
 
 III. CLASSIFICATION AND PLACEMENT
 
 22
 It should also be noted that prison inmates have no constitutional right to remain in any particular facility or classification. Placement and classification decisions traditionally have been entrusted to prison administrators, not to the federal courts. Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (facility); Hewitt v. Helms, 459 U.S. 460, 468 (1983) (classification); Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); Meachum v. Fano, 427 U.S. 215, 225 (1976) (facility); Wilkerson v. Maggio, 703 F.2d 909, 911 (5th Cir.1983); Kincaid v. Duckworth, 689 F.2d 702, 704 (7th Cir.1982); Bailey v. Shillinger, 828 F.2d 651, 652 (10th Cir.1987). As a matter of pure constitutional law, the Plaintiff has no protectable interest in being confined in a particular correctional facility or in being given a certain prison classification. "[T]ransfer of an inmate to less amendable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." Hewitt v. Helms, 459 U.S. 460, 467 (1983). Therefore, Mr. Alvarez' reclassification does not amount to a violation of his federal constitutional rights.
 
 
 23
 IT IS THEREFORE RECOMMENDED that Plaintiff Sammy Michael Alvarez's Complaint be dismissed.
 
 BY THE COURT:
 
 24
 /s/ O. Edward Schlatter
 
 O. EDWARD SCHLATTER
 United States Magistrate Judge
 ADVISEMENT UNDER FED.R.CIV.P. 72
 
 25
 Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED.R.CIV.P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. Sec. 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir.1986).
 
 
 26
 Nov. 30, 1993.
 
 ORDER OF DISMISSAL
 
 27
 Plaintiff Sammy Michael Alvarez, a prisoner at the Colorado State Penitentiary, has filed this pro se Civil Rights Complaint Pursuant To 42 U.S.C. Sec. 1983. In his Complaint, plaintiff contends that defendants violated his Eighth Amendment rights in the course of a prison disciplinary proceeding in 1989.
 
 
 28
 Pursuant to D.C.COLO.LR 72.4, this matter was referred to United States Magistrate Judge O. Edward Schlatter, who recommended that plaintiff's Complaint be dismissed. The Magistrate Judge based his recommendation on a determination that plaintiff filed his complaint after the appropriate statute of limitations had run. Furthermore, Magistrate Judge Schlatter determined that plaintiff's conditions of confinement did not constitute cruel and unusual punishment under the Eighth Amendment. See Sheley v. Dugger, 833 F.2d 1420 (11th Cir.1987). Finally, the Magistrate Judge concluded that plaintiff has no protectable interest in being confined in a particular correctional facility or in being given a certain prison classification. Thus, by reclassifying plaintiff, defendants did not violate plaintiff's federal constitutional rights. See Hewitt v. Helms, 459 U.S. 460, 467 (1983).
 
 
 29
 Plaintiff has filed timely objections. As is required by 28 U.S.C. Sec. 636(b), the Court has reviewed de novo all portions of the Magistrate Judge's Recommendation to which objections have been filed, considering carefully the Recommendation, the objections filed and the applicable case law. Furthermore, in considering plaintiff's papers the Court has taken into account the fact that the movant has filed pro se, and thus, the Court has construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner 404 U.S. 519, 520-21 (1972).
 
 
 30
 The Court agrees with Magistrate Judge Schlatter that the statute of limitation had run before the plaintiff filed his claim. Plaintiff does not dispute the fact that the two year limitation period as set forth in C.R.S. 13-80-102(1)(a) and (i) is applicable to all Sec. 1983 actions filed in the United States District Court for the District of Colorado. See Arvia v. Black, 722 F.Supp. 644 (D.Colo.1989).
 
 
 31
 Plaintiff contends, however, that the statute of limitations should not have begun to run until a jail house lawyer informed him of his right to sue because a prison law librarian clerk had informed him that he had no such right. In support of this contention, plaintiff cites several Colorado cases all of which are not related to the issue at hand. Instead, the cases he cites all involve C.R.S. 16-5-402 which deals with the limitation for collateral attack upon the trial court's judgment in criminal matters. This statute has no bearing on actions brought under 48 U.S.C. Sec. 1983.
 
 
 32
 Under the correct Colorado statute, C.R.S. 13-80-108, the limitations period begins to run when the aggrieved party discovers, or should have discovered by the exercise of reasonable diligence, the facts which would constitute the basis for any entitlement to recovery. See C.R.S. 13-80-108; Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 (10th Cir.1980). Thus, using reasonable diligence to determine whether he had a cause of action was irrelevant to the tolling of the statute of limitation. Instead, the statute began to toll when plaintiff knew, or should have known through reasonable diligence, that his injury had occurred. The Complaint indicates that plaintiff was aware of defendant's allegedly wrongful acts relating to plaintiff's disciplinary convictions, and the harm Mr. Alvarez allegedly suffered as a result of these acts in October, 1990. Thus, the two year statute of limitations began running at the very latest in October, 1990, and barred the suit as of October, 1992, 11 months before plaintiff filed his suit on September 9, 1993.
 
 
 33
 It is not necessary to further evaluate the claims made in this cause of action, as they are barred by the statute of limitation and thus must be dismissed. However, the Court in reviewing the merits of this matter agrees with the Magistrate Judge that the plaintiff's due process rights were not violated. He was given a proper hearing and appeal by the disciplinary board, and his conditions of confinement did not amount to cruel and unusual punishment. Accordingly, it is
 
 
 34
 ORDERED that the Civil Rights Complaint Pursuant To 42 U.S.C. Sec. 1983 and cause of action are dismissed with prejudice.
 
 BY THE COURT:
 
 35
 /s/ Zita L. Weinshienk
 
 ZITA L. WEINSHIENK, Judge
 United States District Court
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470