**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 8 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM GILMORE,

        Plaintiff-Appellant,

v.

DOCTOR CARLSON; JANE DOE,
Medical Staff who is employed as a
nurse at Arapahoe County Jail;
NANCY SIVAK, of Classifications,

        Defendants-Appellees.

No. 03-1173

(D. Colorado)

(D.C. No. 01-RB-1915 (OES))

**ORDER AND JUDGMENT** *

Before **EBEL** , **HENRY** , and **HARTZ** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

William Gilmore brings this pro se appeal in his prisoner civil rights action. The district court found that a two-year statute of limitations barred the suit, and it granted summary judgment to the defendants. In addition, the district court set aside an entry of default that the court clerk had entered against the defendant Jay Carlson, M.D., who had not responded to service in a timely fashion.

Mr. Gilmore asserts that the grant of summary judgment was inappropriate because there had been no discovery in the case. He also asserts that the entry of default against Dr. Carlson should not have been set aside and requests a hearing to determine damages. In addition to his appeal, Mr. Gilmore has filed four motions: (1) "Motion of Undisputed Facts," (2) "Motion to Cure Deficiency Regarding Notice of Appeal," (3) "Motion for Appropriate Action," and (4) "Motion for Formal Objection of the Filing of Late Answer Brief by the Law Firm of Cooper & Clough P.C." He also renews his motion to proceed without prepayment of the appellate filing fees.

We affirm the district court's rulings and deny Mr. Gilmore's motions.

## I. BACKGROUND

In July 1993, Mr. Gilmore pleaded guilty in Colorado state court to charges of second-degree murder and aggravated robbery. He was incarcerated in the Arapahoe County Detention Facility from the date of his arrest in 1992 until early

1995. The defendants, Ms. Sivak and Dr. Carlson, were employed at that facility at that time. [1] Mr. Gilmore alleges that, in January 1993, Ms. Sivak denied his request for relocation from a cell in which he faced imminent danger of violence and that he was subsequently beaten by inmates housed therein. He required fifteen sutures in his face, and he claims that he now has a permanent black eye due to the attack. Mr. Gilmore also alleges that he was over-medicated by Dr. Carlson such that he suffered a seizure in May 1993. Mr. Gilmore states that he continued to take the medication that Dr. Carlson prescribed through February 1996.

Mr. Gilmore brought suit under 42 U.S.C. § 1983, asserting that the defendants violated his civil rights by the actions described above. The magistrate judge granted the defendants' motion to stay discovery, on the grounds that the defendants had asserted a defense of qualified immunity. *See* Rec. vol. I, doc. 40 (citing *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992)). The magistrate judge later concluded that the two-year statute of limitations had run and recommended that the defendants' motions for summary judgment be granted. Rec. vol. II, doc. 90, at 4-8 (Magistrate Judge's Recommendation, filed Mar. 14,

---

[1] Although the caption in this case includes a party designated as "Jane Doe Medical Staff who is employed as a nurse at Arapahoe County Jail," the filings that we have before us relate only to the defendants Ms. Sivak and Dr. Carlson. We thus construe them to be the only defendants in this action and consider the entire case to be adjudicated by this appeal.

2003).  The district court adopted those recommendations and granted summary judgment to both defendants.

Dr. Carlson was served with the complaint on September 5, 2002, but he did not respond within the required twenty days.  On February 13, 2003, Mr. Gilmore filed a motion for default judgment against Dr. Carlson, and the court clerk issued an entry of default on February 20, 2003.  Dr. Carlson submitted a motion and affidavit the next day, stating in good faith that he could not recall having been served in the matter and requesting that default judgment be set aside.  On February 27, 2003, the district court set aside the entry of default against Dr. Carlson.

## II. DISCUSSION

A.  Statute of Limitations

The district court adopted the magistrate judge's finding that Mr. Gilmore's claims were barred by Colorado's two-year statute of limitations.  *See Riel v. Reed*, 760 F.Supp. 852, 854 (D. Colo. 1991) ("Actions under 42 U.S.C. § 1983 are governed by Colorado's residual statute of limitations, Colo. Rev. Stat. § 13-80-102(1)(i) (1987).").  The magistrate judge noted that a § 1983 action accrues when a plaintiff knows or has reason to know that he was injured.  Rec. vol. II, doc. 90, at 4-5.  We review the grant of summary judgment de novo.

-4-

*Simms v. Oklahoma ex rel. Dept. of Mental Health and Substance Abuse Servs.*,
165 F.3d 1321, 1326 (10th Cir. 1999).

As noted above, Mr. Gilmore's allegations refer to occurrences in January and May of 1993. Mr. Gilmore's amended complaint was filed on January 25, 2002. The question, then, is whether Mr. Gilmore's § 1983 actions did not accrue until sometime during the two-year period before Mr. Gilmore filed his complaint (that is, after January 24, 2000).

Mr. Gilmore argued to the district court that, even though he stopped taking the medications in question in February 1996, he "did not become aware until July 2000" and he "is at this time still not aware of all the problems [I] suffered while drugged in the Arapahoe County Jail." Rec. vol. I, doc. 41, at 3 (Plaintiff's Response to Defendant Sivak's Motion for Summary Judgment, filed Apr. 29, 2002). He further claimed that the effects of the medications "are still lasting today" and that he "did not discover[] that he had been wronged until July 16, 2000." Rec. vol. II, doc. 90, at 6.

The magistrate judge called this notion "completely absurd," *id.* at 7, suggesting that "if plaintiff is to be believed, he was virtually in a coma for over seven years." *Id.* at 5. Given extensive evidence that Mr. Gilmore functioned apparently normally in July and August 1993, *id.* at 6-7, the magistrate judge concluded that Mr. Gilmore could not have been in a virtual coma and thus found

that the cause of action against Ms. Sivak and Dr. Carlson had accrued in 1993. *Id.* at 7.

In opposing summary judgment, Mr. Gilmore bore the burden of offering evidence tending to demonstrate that he was mentally compromised to the point of being unaware of his injuries until at least two years before filing suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (holding that the party opposing properly-supported summary judgment faces the burden to "set forth specific facts showing that there is a genuine issue for trial"). We agree with the district court that Mr. Gilmore failed to present evidence that might have supported his theory. *See* Rec. vol. II, doc. 90, at 6.

Although we reach the same legal conclusion as the magistrate judge, we do note that Mr. Gilmore's theory does not require him to have been virtually in a coma. Mr. Gilmore claims that his medications severely altered his consciousness, and that these debilitating effects lasted for years after he stopped taking the medications, such that he could not have "know[n] or had reason to know that he was injured." *Id.* at 5. Had Mr. Gilmore provided evidence in support of that theory, he may have survived summary judgment; but he offered no such evidence. Moreover, because there is no indication that his failure to provide medical evidence supporting his claims (if, indeed, such evidence exists) was caused by the lack of a discovery order, Mr. Gilmore's argument that

summary judgment was inappropriate because he had been denied discovery also fails.

B. Default Judgment

We review decisions regarding entries of default for abuse of discretion, *see Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003), because the trial judge is "in the best position to evaluate the good faith and credibility of the parties." *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987). Although the district court's minute order setting aside the entry of default set forth no explanation, we hold that the district court did not abuse its discretion.

Our standards for vacating entries of default are clear: (1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the entry of default. *See United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993). Dr. Carlson argues that his conduct could not be culpable, because if had he been aware of service, he had very good reason not to default. Specifically, failing to respond to service put him at risk of losing coverage under his insurance policy. This tends to support his claim that he would have responded if not for an honest mistake.

Mr. Gilmore argues that Dr. Carlson's affidavit, in which Dr. Carlson claims not to have been aware of service of the complaint, is false and in any event would not justify setting aside a default judgment. Mr. Gilmore notes that, when Dr. Carlson learned that Mr. Gilmore had requested default judgment, Dr. Carlson's attorneys promptly filed an answer to the complaint and to the motion for default judgment. From this, Mr. Gilmore concludes that Dr. Carlson must have been in possession of the complaint all along and only chose to reply when facing default. Dr. Carlson argues, however, that his lawyers responded to the notice of pending default judgment by obtaining a copy of Mr. Gilmore's complaint from the district court. Therefore, there is no reason to conclude that Dr. Carlson is not being truthful.

The second and third prongs of our test from *Timbers Preserve* are easily met here. Dr. Carlson's claim is meritorious, and there is no evidence of prejudice. We thus affirm the district court's decision to set aside the default judgment against Dr. Carlson.

C. Procedural Issues

Although we are mindful of Mr. Gilmore's pro se status, we nevertheless decline to review his outstanding motions that he filed on May 5, 2003, three days before he filed his appellate brief. These motions simply attempt to make factual

and legal arguments that must be made only in official briefs. The substance of the motions is, indeed, largely repetitive of Mr. Gilmore's other filings. Accordingly, to the extent that these submissions were meant to constitute official motions, they are summarily denied.

On June 17, 2003, Mr. Gilmore filed yet another motion, this one titled "Motion for Formal Objection of the Filing of Late Answer Brief by the Law Firm of Cooper & Clough P.C." Therein, Mr. Gilmore indignantly objects to the fact that Dr. Carlson's attorneys were granted a motion to file their brief out of time. He suggests that his pro se status has not prevented the defendants from insisting on the procedural rules being applied strictly against Mr. Gilmore, yet the defendants' lawyers appear (in Mr. Gilmore's eyes) to have received exceptional treatment from the court. While it is true that the defendants have received favorable procedural rulings both in setting aside the entry of default discussed above and in the filing of the appellate brief, these well-supported rulings have not prejudiced Mr. Gilmore in the sense that he has lost anything to which he was legally entitled. We therefore deny this motion.

We also deny Mr. Gilmore's motion to proceed without prepayment of the appellate filing fee. After the district court denied his earlier motion in this regard, Mr. Gilmore filed a renewed motion with this court making the same request, and this court has assessed costs and fees payable in partial payments.

We now deny the motion to proceed without prepayment. The unpaid balance due must be paid immediately.

## III. CONCLUSION

We AFFIRM the order of the district court granting summary judgment to the defendants in this case, we AFFIRM the district court's order setting aside the entry of default, and we DENY all of Mr. Gilmore's outstanding motions.

Entered for the Court

Robert H. Henry
Circuit Judge